**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

SEAN PERNESTTI                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:18-CV-P121-TBR

BRAD BOYD et al.                                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Sean Pernestti filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549

U.S. 199 (2007).  For the following reasons, the action will be dismissed.

## I. STATEMENT OF FACTS

Plaintiff is a convicted prisoner currently incarcerated at the Roederer Correctional

Complex.  His complaint contains allegations of events occurring during approximately one

month while he was housed at the Christian County Jail (CCJ).  He names as Defendants in their

individual and official capacities the following CCJ employees:  Jailer Brad Boyd, Colonel Steve

Howard, Captain Burd, and Deputy Davenport.

Plaintiff alleges that on July 4, 2018, he pushed the call button to request medical help

but was not responded to for an hour, at which time his blood sugar was checked and was 313.

The doctor was called but did not respond, and an hour later Plaintiff asked to see Defendant

Burd.  Defendant Burd apparently was not there, but a non-Defendant Deputy rechecked

Plaintiff, who "was 523," gave him "required insulin," and contacted the doctor.

Plaintiff next alleges that on July 20, 2018, he pressed the call button in his cell numerous

times.  He states that 30 minutes later Defendant Davenport came to his cell to take another

inmate to sick call.  Plaintiff states that he informed Defendant Davenport that he needed medical

attention but that Defendant Davenport told him that he was not on the sick-call "list and closed

the door."  Plaintiff states that he then gave Defendant Howard a grievance but that it "never was

responded to."

Plaintiff next alleges that CCJ does not provide sufficient food; that trustees are not

supervised by staff when preparing food trays; that CCJ does not use a properly trained dietician;

and that CCJ does not serve a proper diabetic diet.  He also alleges that CCJ allows the medical

contractor to charge for doctor visits when actually the inmates see a nurse practitioner.  He also

alleges that on the evening of August 1, 2018, "deputies knowingly deprived me of my

prescribed medication."  He states that he was told that this occurred because he "was in the law

library."

Finally, Plaintiff alleges:

I have started seeing blood spots in my left eye.  I may have damage to my
kidneys from my sugar levels being so high.  I have requested medical care for
these issues.  I have not received any treatment as of 8-2-2018.  My vision was
20/20.  Now I feel in need of glasses.  I have requested to see mental health for
almost a month to help deal with the anxiety from fear of malicious treatment.
They still haven't seen me.

As relief, Plaintiff asks for punitive damages, refund of "all doctor fees charged to all

inmates seen by nurse practitioner," and various injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either

in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A. Individual-capacity claims**

*1. Defendant Burd*

Plaintiff alleges that on July 4, after the doctor was contacted about Plaintiff's blood sugar level but did not respond for an hour, Plaintiff asked to see Defendant Burd, who "apparently was not there." This is not a constitutional violation. Defendant Burd is not constitutionally required to be at the jail when Plaintiff asks to see him.

Nor would it matter if Defendant Burd were responsible for the delay alleged in Plaintiff's receipt of insulin. At most there was a two-hour delay from when Plaintiff first pushed the call button until Plaintiff's receipt of insulin. During that two-hour period, Plaintiff's blood sugar was checked twice, and the doctor was called. Thus, Plaintiff's dispute is with the adequacy of the treatment rather than not receiving treatment.

To establish an Eighth Amendment violation related to medical care, a prisoner must demonstrate that Defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Terrance v. Northville Reg'l*

*Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). To rise to the level of an Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837-38. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Id.* (citations omitted). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

Here, Plaintiff does not allege that Defendant Burd knew of and disregarded an excessive risk to Plaintiff's health. Defendant Burd was not physically present at the relevant time. Moreover, Plaintiff clearly received some medical attention. Therefore, the claim against Defendant Burd will be dismissed.

*2. Defendant Davenport*

Plaintiff alleges that Defendant Davenport came to his cell to take another inmate to sick call. Plaintiff states that he informed Defendant Davenport that he needed medical attention but that Defendant Davenport told him he was not on the sick-call "list and closed the door." Plaintiff does not allege that he, in fact, was on the sick-call list. It appears that Defendant Davenport did not come to the cell to respond to Plaintiff's call, but rather to escort an inmate

who was on the sick-call list. Plaintiff does not allege that not being taken to sick call at that time caused him any injury.

Plaintiff fails to allege that Defendant Davenport knew of and disregarded an excess risk to Plaintiff's health. Plaintiff does not allege that he told Defendant Davenport anything other than that he needed medical attention. Nor does Plaintiff allege that an excessive risk to his health existed at this time. Plaintiff, therefore, fails to state a claim against Defendant Davenport.

*3. Defendant Howard*

Plaintiff alleges that he never received a response from a grievance that he gave to Defendant Howard.

Presuming that Plaintiff is claiming a constitutional right to have his grievances answered, his claim fails. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure."); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"); *Buckley v. Barlow*, 997 F .2d 494, 495 (8th Cir. 1993) (per curiam) (holding that "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted

for consideration"). Further, if the prison provides a grievance process, violations of its

procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See*

*Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits

to consider this issue have . . . found that there is no constitutionally protected due process right

to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430

(6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison

grievance procedure") (citing cases).

Consequently, the Court finds that Plaintiff has not stated a claim against Defendant

Howard.

*4. Defendant Boyd*

The complaint contains no allegation against Defendant Boyd. Plaintiff must provide

specific facts that explain how each Defendant is personally responsible for alleged injuries.

*Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Because Plaintiff's complaint fails to do so

with regard to Defendant Boyd, the claim against Defendant Boyd must be dismissed for a

failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam)

(stating that personal involvement by the defendant is an essential element in a § 1983 cause of

action asserting a constitutional deprivation).

**B. Official-capacity claims**

Plaintiff alleges that CCJ does not provide sufficient food; that trustees are not supervised

by staff when preparing food trays; that CCJ does not use a "properly trained dietician; that CCJ

does not serve "a proper diabetic diet;" and that CCJ allows the medical contractor to charge for

doctor visits when actually it is a nurse practitioner who sees the inmates.

Plaintiff does not name CCJ as a Defendant, nor could CCJ be a Defendant. S*ee, e.g.*, *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). However, Plaintiff sues the four named Defendants in their official capacities as well as in their individual capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of CCJ in their official capacities are actually brought against the Christian County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

To state a § 1983 claim against a municipality like Christian County, Plaintiff would have to show both a policy and a constitutional violation. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Even assuming that Plaintiff has alleged county policies related to these alleged shortcomings, he has not alleged sufficiently any violation of the Constitution.

Plaintiff's allegation that on the evening of August 1, 2018, "deputies knowingly deprived me of my prescribed medication" because he was in the law library does not state a constitutional violation. Plaintiff has furnished no details from which to infer that this missed dose of medication amounts to a sufficiently serious medical need. *See Hale v. Burns*, No. 2:06-CV-136, 2007 WL 2021938, at *3 (E.D. Tenn. July 10, 2007). Moreover, this incident was a one-time occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). This claim will be dismissed.

Regarding Plaintiff's claim that he should not have been charged for doctor visits, "there is nothing unconstitutional or even unusual about having to pay" for medical services. *Pruett v. Burnett*, No. CIV.A. 6:10CV84, 2010 WL 1959908, at *2 (E.D. Tex. May 14, 2010).

Further, even if Plaintiff's allegation could constitute a due-process claim for the unauthorized, intentional deprivation of his property in the form of being overcharged, the complaint fails to state a claim for relief because Plaintiff fails to allege that his state post-deprivation remedies are inadequate. In order to assert a due-process claim, Plaintiff must first plead, and ultimately prove, the inadequacy of state remedies for redressing the wrong. *See Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *see also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds*, *Daniel v. Williams*, 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations," *Id.* at 588, which Plaintiff has not done.

Finally, if the Court were to suppose that Plaintiff has alleged that the purported shortcomings in the diet and preparation of food at CCJ resulted in his seeing spots in one eye, feeling in need of glasses to correct his vision, and his speculation that he may have damage to his kidneys, none of Plaintiff's requested relief for any of his claims would be available from Christian County, were it a Defendant.

Plaintiff has been transferred to another facility. Therefore, Plaintiff's request for injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent

Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *see also Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility.").

Nor could Plaintiff recover punitive damages from Christian County or Defendants in their official capacities. The Supreme Court has held that punitive damages generally cannot be recovered against a municipality like Christian County under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260-61 (1981). Thus, "it follows that punitive damages are not available against governmental officials sued in their official capacities." *Powell v. Alexander*, 391 F.3d 1, 23 (1st Cir. 2004); *see also Brown v. Harmon*, No. 5:15CV-P128-TBR, 2015 WL 6453848, at *2 (W.D. Ky. Oct. 23, 2015) ("Plaintiff cannot recover punitive damages from Defendant in his official capacity."). Therefore, the Court will dismiss the official-capacity claims as well.

### III. <u>CONCLUSION</u>

For the foregoing reasons, this action will be dismissed by separate Order.

Date: January 23, 2019

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Christian County Attorney
4413.009

9